United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anthony Sanchez, Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. 17-21911-Civ-Scola |
| Julie L. Jones and others, | ) |
| Respondents. | ) |
| | ) |

### Order Adopting Magistrate Judge's Report And Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On December 4, 2018, Judge White issued a report, recommending that Petitioner Anthony Sanchez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. (Report of Magistrate, ECF No. 18.) Sanchez filed objections (Objs., ECF No. 19). Having reviewed de novo those portions of Judge White's report to which Sanchez objects, and having reviewed the remaining parts for clear error, the Court adopts the report and recommendation in its entirety.

In his petition, Sanchez claims that he was denied effective assistance of counsel based on seven different grounds:

(1) Trial counsel was ineffective when he failed to move for judgment of acquittal on the felony battery charge where the evidence was legally insufficient.
(2) Counsel was ineffective for failing to object to the amendment of the information where the amendment increased the degree of the offense from attempted sexual battery to a completed sexual battery.
(3) Counsel was ineffective for failing to object to the conviction on the sexual battery charge because it was the result of a truly inconsistent verdict.
(4) Counsel was ineffective for failing to object to the jury's verdict on Count 1 because the jury did not indicate upon which theory it relied in finding that the petitioner committed sexual battery with physical force.
(5) Counsel was ineffective for failing to object to the impermissible closing arguments.

  (6) Counsel was ineffective for failing to object to the prosecutor's improper question leading to a personal opinion of the detective.

  (7) The cumulative errors of trial counsel denied the petitioner effective assistance of counsel.

(ECF No. 18 at 7.) Judge White's Report discusses each ground in detail.

  In his objections, Sanchez disagrees with Judge White's conclusions on each claim and rehashes the arguments from his original petition. First, "[i]t is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Second, Sanchez's objections are without merit. After de novo review of Sanchez's seven claims, the Court finds Sanchez failed to establish either Strickland prong and therefore adopts Judge White's report and recommendations.

  The Court finds Judge White's report and recommendation cogent and compelling. The Court therefore **affirms and adopts** Judge White's report and recommendation (ECF No. 18). The Court **denies** Sanchez's motion to vacate his sentence (ECF No. 1). The Court does not issue a certificate of appealability. The Court directs the Clerk to **close** this case and **deny** any pending motions **as moot**.

  **Done and ordered**, at Miami, Florida, on April 29, 2019.

              _____
              Robert N. Scola, Jr.
              United States District Judge